UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MCHC-CHICAGO HOSPITAL COUNCIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-4012 |
| | ) |
| SANDLOT SOLUTIONS, INC., and SANTA ROSA CONSULTING, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## AGREED ORDER

The parties, MCHC-Chicago Hospital Council ("MCHC"), and Sandlot Solutions, Inc., ("Sandlot") and Santa Rosa Consulting, Inc. ("Santa Rosa") (collectively "Defendants") enter into this Agreed Order ("Order").

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

A.  MCHC has filed a Verified Complaint in this matter seeking injunctive and monetary relief. This Court entered a temporary restraining order on April 7, 2016. This temporary restraining order was extended until May 4, 2016. The parties enter into this Order to resolve MCHC's request for injunctive relief in this matter and to address other obligations of the parties.

B.  MCHC has obtained copies of its Client Data. The parties agree, subject to this Court's approval, that the remaining MCHC protected health information that was input by MCHC Participants into the Sandlot health information exchange platform prior to March 29, 2016 (the date by which, to Defendants' knowledge,

protected health care information was no longer being input into the Sandlot health information platform) in the parties' possession, custody and control ("MCHC PHI") may now be destroyed or removed from the media that will be reused in order to comply with the Health Insurance Portability and Accountability Act ("HIPAA"). Accordingly, Defendants, and each of their partners, officers, directors, shareholders, affiliates, agents, and employees shall use commercially reasonable efforts to remove, destroy, or arrange for the removal or destruction of, any MCHC PHI which remains in any of their possession, custody and control, or which resides on any equipment owned, leased or used by any of Defendants to provide services to MCHC and which equipment is within their current possession, custody and control, subject only to the exception set forth in Section C below.

C. Notwithstanding Section B above, the parties acknowledge that MCHC presently has access and will use reasonable diligence to maintain access to the equipment Sandlot leased from Farnam Street Financial, Inc. that is located at CenturyLink, Inc. facilities in Fort Worth, Texas and Elk Grove Village, Illinois (the "Farnam Equipment") containing the MCHC PHI in order to comply with this order. Defendants will not take any action that would result in MCHC losing access to the Farnam Equipment. Accordingly, MCHC, and not Defendants, will use commercially reasonable efforts to remove, destroy or purge the MCHC PHI on the Farnam Equipment.

D. All actions of the parties to destroy, remove or purge the MCHC PHI pursuant to this order shall be completed as soon as practicable. At the conclusion of any

such action with respect to MCHC PHI, each of Defendants and MCHC shall use commercially reasonable efforts to certify in writing to the other party, that its action hereunder is complete and that it complied with HIPAA.

E. MCHC shall be released from its bond of $25,000 which will be returned to MCHC from the Clerk of the Court.

F. The Court shall retain jurisdiction to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Order. Defendants and MCHC specifically consent to personal jurisdiction and venue in this Court.

G. Except for, and expressly limited to, the continuing obligations set forth in this Order, MCHC's claims for injunctive relief contained in the Verified Complaint are dismissed with prejudice, each party to bear their respective expenses and attorney's fees.

H. MCHC's remaining claims, if any, for monetary relief contained in the Verified Complaint are dismissed without prejudice, and MCHC reserves the right to pursue potential monetary relief. This Order expressly reserves any and all defenses Defendants have to such claims.

DATED this 26th day of May, 2016.

    /s/ Virginia M. Kendall
U.S. District Court Judge